*Petitioner's original Conditions*

CONDITIONS OF PROBATION

THE STATE OF TEXAS      IN THE 283RD JUDICIAL DISTRICT COURT

VS.      DALLAS COUNTY, TEXAS

Bobby D. Autry      JANUARY      TERM 2004

CAUSE NO. F-0325713T      REGULAR PROBATION

F-0325714T      DEFERRED ADJUDICATION   XXX

     SHOCK PROBATION

     STATE JAIL FELONY

     BOOT CAMP

In accordance with the authority conferred by the Adult Probation and Parole Law of the State of Texas, you have been placed on probation on this date April 13, 2004 for a period of 10 years. It is the order of this Court that you comply with the following conditions of probation:

(a) Commit no offense against the laws of this or any other State or the United States, and do not possess a firearm during the term of probation;

(b) Obey all the rules and regulations of the probation department, Texas Department of Criminal Justice-Institutional Division and report to the Probation Officer as directed by the Judge or Probation Officer; to-wit: weekly, or as directed.

(c) Within forty-eight hours (48hrs) after release from the Dallas County Jail, from the Texas Department of Criminal Justice-Institutional Division, or other custody, report to 283rd Judicial Court Room located on the 6th floor of the Frank Crowley Court, 133 N. Industrial Blvd. Dallas, TX. 75207

(d) Within 5 days, or the next working day following release from jail, report to the Dallas County District Collections Department (Frank Crowley Building; 2nd Floor; Room C-2) to arrange payment of Court Costs, a Fine in the amount of $84.50 (F0325713T) & $137.25 (F0325714T), and Attorney Fees in the amount of $____. Comply with the agreed payment plan until all monies are paid.

You are hereby advised that under the law of this State, the Court shall determine the terms and conditions of your probation, and may at any time during the period of probation, alter or modify the conditions of your probation. The Court also has the authority at any time during the period of probation to revoke your probation, or proceed to adjudication, for violation of any of the conditions of your probation set out above.

Witness our Signatures this 13 day of ____ 200_.

_____
Probationer

_____
Judge

27

This document contains some pages that are of poor quality at the time of imaging.

Cause Number F _0̷3 - 25 7/4 - 57_

| STATE OF TEXAS | ☐ | IN THE 283rd JUDICIAL |
|---|---|---|
| VS. | ☐ | DISTRICT COURT, |
| _Boliy  Artry_ | ☐ | DALLAS COUNTY, TEXAS |

## COURT'S ADMONITION TO SEX OFFENDERS

### Sex Offender Registration Law

To the Defendant:

You are admonished that under Chapter 62 of the Code of Criminal Procedure, a defendant convicted of, or placed on community supervision, whether unadjudicated or post-conviction, for indecency with a child; compelling prostitution; sexual assault; aggravated sexual assault; prohibited sexual conduct; sexual performance by a child; possession or promotion of child pornography; aggravated kidnapping, with intent to sexually violate or abuse the victim; burglary of a habitation, with intent to commit a felony sexual offense; indecent exposure, second conviction; unlawful restraint, kidnapping, or aggravated kidnapping if the judgment contains an affirmative finding that the victim was a child under the age of 17 years; any substantially similar offense under the law of another state, federal law, or the Uniform Code of Military Justice; or any offense resulting in a condition of parole, release to mandatory supervision, or community supervision requiring registration as a sex offender, must register as a sex offender with local law enforcement agency in any city or county in which he or she resides, intends to reside, moves, visits, or works, and must thereafter periodically verify the registration information.

The duty to register does not generally expire earlier than 10 years after the sentence of imprisonment, parole, or community supervision ends, and for some offenses, including indecency with a child by contact, compelling prostitution of a minor, sexual assault, aggravated sexual assault, prohibited sexual conduct, sexual performance by a child, possession or promotion of child pornography, aggravated kidnapping with intent to sexually violate or abuse the victim, burglary of a habitation with intent to commit a sexual offense, or any substantially similar offense under the laws of another state or jurisdiction, the duty to register is for the remainder of the defendant's life. Failure to register is a felony offense.

### Signatures and Acknowledgments

I, the defendant in the above-entitled and numbered cause, before entering my plea, acknowledge that I have read, that my attorney has explained, and that I understand the sex offender registration provisions and requirements of Chapter 62 of the Code of Criminal Procedure. I understand that the registration law includes details other than those listed above and that the law is subject to change. My plea has not been influenced by any advice or information from the Court, my attorney, or any other person regarding registration requirements. It would be entered regardless of those requirements.

_4-13-04_
Date

_____
Defendant

I, the defendant's attorney, acknowledge that I have explained the sex offender registration requirements of Chapter 62 of the Code of Criminal Procedure to my client, and it is my belief that __he understood them.

_4-13-04_
Date

_____
Attorney for Defendant
State Bar # _7.03 54 6.0_

The foregoing admonishment is incorporated by reference into the attached Plea Agreement form, signed by all parties on this date.

_4/13/04_
Date

_____
JUDGE

26 3-00

3

MO___IED CONDITIONS OF PROBAT____ **538|54**

| | |
|---|---|
| THE STATE OF TEXAS | IN THE 283rd JUDICIAL DISTRICT COURT |
| VS. | DALLAS COUNTY, TEXAS |
| _Bobby D. Autry_____ | JANUARY____ TERM 2008 |

CAUSE NO. F0325713T ~~Sex~~Mouth CH/14   REGULAR PROBATION _____

F0325714T Sex Cont Ch   DEFERRED ADJUDICATION _XX__

_____   SHOCK PROBATION _____

STATE JAIL _____

In accordance with the authority conferred by the Adult Probation and Parole Law of the State of Texas, you have been placed on probation on this date _4-13-2004_ for a period of _10_ years. It is the order of this Court that you comply with the following conditions of probation:

(a) Commit no offense against the laws of this or any other State or the United States, and do not possess a firearm during the term of probation;

(b) Do not use marijuana, narcotics, dangerous drugs, inhalants or prescription medication without first obtaining a prescription for said substances from a licensed physician;

(c) Avoid persons or places of disreputable or harmful character, and do not associate with individuals who commit offenses against the laws of this or any other State or the United States;

(d) Obey all the rules and regulations of the probation department, and report to the Probation Officer as directed by the Judge or Probation Officer, to-wit: **WEEKLY, TWICE MONTHLY, MONTHLY, OR AS DIRECTED**;

(e) Permit the Probation Officer to visit you at your home or elsewhere, and notify the Probation Officer not less than twenty-four (24) hours prior to any changes in your home or employment address;

(f) Work faithfully at suitable employment as far as possible, and seek the assistance of the probation officer in your efforts to secure employment when unemployed;

(g) Remain within a specified place; to-wit: Dallas County, Texas, and do not travel outside Dallas County, Texas, without first having obtained written permission from the Court;

(h) Report in person within (5) days of today's date or upon release to the District Clerk Felony Collections Dept., 2nd floor, District Clerk's Office, Frank Crowley Courts Building, to arrange for payment of COURT COSTS, FINES AND ATTORNEY FEES.

(i) Support your dependents;

28

*"Wholly an arbitrary deprivation of petitioner's Liberties."*

Cause No. F03-25714-T     TRN 9013442250     456/127

| THE STATE OF TEXAS | § | IN THE 283rd JUDICIAL |
| v. | § | DISTRICT COURT OF |
| BOBBY DREW AUTRY | § | DALLAS COUNTY, TEXAS |

SID: TX 02596567

## ORDER OF DEFERRED ADJUDICATION;
## COMMUNITY SUPERVISION

| | |
|---|---|
| DATE OF JUDGMENT: | 13 April 2004 |
| JUDGE PRESIDING: | Vickers L. Cunningham, Sr. |
| ATTORNEY FOR THE STATE: | Erin Price |
| ATTORNEY FOR THE DEFENDANT: | Gary Unell |
| OFFENSE: | Sexual Assault Of A Child . |
| STATUTE FOR OFFENSE: | Section 22.011 (A)(2), Penal Code |
| DEGREE OF OFFENSE: | Second Degree Felony |
| APPLICABLE PUNISHMENT RANGE: | |
| (Including enhancements if any): | Habitual Sexual Offender – Automatic Life |
| DATE OF OFFENSE: | 9 June 2001 |
| CHARGING INSTRUMENT: | Indictment |
| TERMS OF PLEA AGREEMENT (IN DETAIL): | 10 years deferred + no fine |
| PLEA TO OFFENSE: | Guilty |
| PLEA TO ENHANCEMENT PARAGRAPH(S): | True |
| DATE ORDER TO COMMENCE: | 13 April 2004 |
| PERIOD OF SUPERVISION: | Ten (10) years, No (0) months |
| FINE: | $0.00 |
| COURT COSTS: | $197.25 |
| TOTAL AMOUNT OF RESTITUTION: | $ |
| NAME AND ADDRESS FOR RESTITUTION: | |

The Sex Offender Registration Requirements under Chapter 62, CCP, apply to the Defendant. The age of the victim at the time of the offense was 15 years old.

On the date stated above, the above numbered and entitled cause was regularly reached and called for trial, and the State appeared by the attorney stated above, and the Defendant and the Defendant's attorney, as stated above, were also present. Thereupon both sides announced ready for trial, and the Defendant, Defendant's attorney, and the State's attorney agreed in open court and in writing to waive a jury in the trial of this cause and to submit it to the Court. The Court consented to the waiver of a jury. The Defendant further waived the reading of the indictment, and, upon being asked by the Court as to how the defendant pleaded, entered a plea of Guilty, to the offense of Sexual Assault Of A Child, as alleged in the charging instrument. Furthermore, as to the enhancement paragraphs, if any, the Defendant entered a plea as stated above.

26

Exhibit 1

RE: Bobby Autry
NO: F0325713T/F0325714T

(j) Pay a probation fee of $60.00 per month to the Probation Officer of this Court on or before the first day of each month hereafter during probation.

(k) Submit to random urinalysis and or medical tests as required by the Court.

(l) Make monetary contribution in the amount of $25.00 to the Dallas Area Crimestoppers, Inc. Payment is due in full to the Dallas County Adult Probation Department before _8-1-04_.

(m) Defendant will work and complete _320_ hours of community service at a minimum of 10 hours per month no later than _____ at the Day Reporting Center.

(n) Within 5 days, report to the Community Supervision and Corrections Department Comprehensive Assessment and Treatment Services program (C.A.T.S.); participate in C.A.T.S. by obeying all program instruction and/or treatment for substance abuse or mental health; and continue with such adherence until release is granted by the program or the Court.

(o) Refrain from the consumption of alcohol. This condition is effective at commencement and during the period of probation.

(p) Defendant will reside at the WAYBACK HOUSE for a minimum of 160 days or as directed by the Court. Defendant is to follow all rules and regulations of the Wayback House and participate in all programs until released by the Court.

(Q) Consent to search of your person, residence, business, and any vehicle or container under your control by any peace or supervision officer without prior notice or search warrant to determine your compliance with the conditions of supervision and laws of the State. Any contraband found in your possession will be subject to seizure.

(R) (EXHIBIT B ATTACHED HERETO AND MADE A PART OF THESE CONDITIONS)

You are hereby advised that under the law of this State, the Court shall determine the terms and conditions of your probation, and may at any time during the period of probation, alter or modify the conditions of your probation. The Court also has the authority at any time during the period of probation to revoke your probation, or proceed to adjudication for violation of any of the conditions of your probation set out above.

Witness our Signatures this the _13_ day of April 2004.

Refused to Sign madure of counsel

_____ Probationer

ML# C-_____

_____ Judge

_____ Probation Officer

(copy provided in front of Judge (Dr.)

29

3 of 8

Pg. 3

Cause No. _F03 - 25714 - JT_

| THE STATE OF TEXAS | § | IN THE _283_ |
|---|---|---|
| VS. | § | DISTRICT COURT |
| _Bobby Autry_ | § | DALLAS COUNTY, TEXAS |

## TRIAL COURT'S CERTIFICATION OF DEFENDANT'S RIGHT OF APPEAL*

I, judge of the trial court, certify this criminal case:

☐ is not a plea-bargain case, and the defendant has the right of appeal, [or]

☐ is a plea-bargain case, but matters were raised by written motion filed and ruled on before trial, and not withdrawn or waived, and the defendant has the right of appeal, [or]

☐ is a plea-bargain case, but the trial court has given permission to appeal, and the defendant has the right of appeal, [or]

☑ is a plea-bargain case, and the defendant has NO right of appeal, [or]

☐ the defendant has waived the right of appeal.

_[signature]_  _4/13/04_

Judge                                    Date Signed

I have received a copy of this certification:

_[signature]_  _[signature]_

Defendant (if not represented by counsel)    Defendant's Counsel
Mailing Address:                             State Bar No.: _20390610_
                                             Mailing Address:
Telephone #:                                 _2501 Oak Lawn #350_
Fax # (if any)                               _Dallas, Tx    75219_
                                             Telephone #:
                                             Fax # (if any): _214) 880-0701_

*A defendant in a criminal case has the right of appeal under these rules. The trial court shall enter a certification of the defendant's right to appeal in every case in which it enters a judgment of guilt or other appealable order. In a plea bargain case ---- that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant ---- a defendant may appeal only. (A) those matters that were raised by written motion filed and ruled on before trial, or (B) after getting the trial court's permission to appeal. TEXAS RULE OF APPELLATE PROCEDURE 25 2(a)(2)

31

Reason for violation —
Petitioner moved into Judge
Magnis' neighborhood — 75228 Exhibit 1
Confirmed by Angela Spiewak, P.O. and
Mark Brandon
of Wayback.

CONDITIONS OF PROBATION ATTACHMENT
EXHIBIT "B"

THE STATE OF TEXAS                          283rd JUDICIAL DISTRICT COURT

VS. Bobby Autry                             DALLAS COUNTY, TEXAS
CAUSE NUMBER F0325714T/F03257137

(1) Defendant shall register with the local law enforcement
authority in any municipality where he/she resides or tends to
reside for more than seven days. At any time defendant
changes address he/she must register again with the local law
enforcement authority.

(2) Pay Sex Offender Supervision Fee of $5.00 per month to a
probation officer of this Court on or before
and each month thereafter for the duration of probation.

(3) Defendant shall participate in sex offender counseling with a
licensed and registered counselor. Counseling is to commence
within 30 days of receiving probation and continue until such
time as successfully discharged by the counselor or the Court.
Defendant is to comply with all treatment directives to include
but not limited to, polygraphy exams, plytheismograph test,
or medical exams. Initial appointment has been scheduled for
TO BE SCHEDULED with _____.

(4) Defendant is not to be in contact with minor children,
seventeen years or younger, (Contact is defined as conversing
with, physically associating with, or corresponding with,
either in person, by phone, by mail, by computer, or through a
third person.) Defendant may have supervised contact with
minors at such time as the contact is recommended by the
treatment team and approved by the Court. Supervising adult
must be deemed appropriate by the treatment team and approved
by the Court prior to any contact.

(5) Do not go within 1000 feet of any premise where children
17 years or younger congregate or gather, and do not
participate in any program where children 17 years or younger
are or may also be participants.

(6) Pay a fee that equals the actual cost of providing public
notice in a newspaper. Payment in entirety to be made to the
community supervision officer of this Court within 90 days of
the date of probation.

(7) Submit a blood sample or other specimen for the purpose DNA
testing within 30 days from the date community supervision is
granted.

(8) Defendant is to submit to Polygraph exams, Plytheismograph
tests, or medical exams as directed by the Court, and /or
Probation officer, effective immediately.

(9) Defendant is required to renew or apply for a sex offender
driver's licence or identification card within 30 days.

I, petitioner, had no fixed date to my
knowledge to take this test. See # (3).
Therapist & Probation Officer gave me
permission to take it in January of 2010. pg.4

Cause# ___F0325714U___      **ELECTION OF COUNSEL**     Special Needs: _____

Name: _____ BOBBY DREW AUTRY _____ DOB: 02/06/1962 Sex: _M_ Race: _W_

## Select and initial one:

_____NO, I DO NOT WANT AN APPOINTED LAWYER. I have been warned by the magistrate that I have the right to request a determination of indigency to decide whether I am entitled to the appointment of a lawyer and I understood the warnings given to me by the magistrate. I will hire my own lawyer.

_____YES, I DO WANT AN APPOINTED LAWYER. I have been advised by the magistrate of my right to representation by counsel in the trial of the charge against me. I certify that I am without means to employ a lawyer of my own choosing and I now request the court to select and appoint a lawyer for me. I understand that I may be required to repay Dallas County for a court-appointed lawyer.

My total monthly income, including spouse's income, SSI, child support, disability or other is:
$_____

The total value of my assets, including house, cars, cash, stocks, bonds or other is:
$_____

I swear that the above information is true and correct.

*All information is subject to verification. Falsification of information is a criminal offense.*

_____      1-7-11
Arrested Person                Date

56

CAUSE NO. ~~F03-25713-T~~
F03-25714-T

| THE STATE OF TEXAS | § | IN THE CRIMINAL |
| VS. | § | DISTRICT COURT 283rd |
| BOBBY DREW AUTRY | § | DALLAS COUNTY, TEXAS |

### REQUEST TO TRANSFER CASE

The undersigned judge of the Criminal District Court 283rd having determined that it is appropriate to recuse himself/herself from hearing any further matters in the above-numbered and styled cause, does hereby refer this cause to the Local Administrative District Judge or his/her designee for assignment to another court.

_R.H. Magnis_
**JUDGE**

**IT IS HEREBY ORDERED** that this cause be, and hereby is, transferred and reassigned to the _291_ District Court_____.

**SIGNED** this _23_ day of _Apr.l_, 20 _10_

_[signature]_
**LOCAL ADMINISTRATIVE**
**DISTRICT JUDGE / DESIGNEE**

44

ML#38112

MOTION TO REVOKE PROBATION OR PROCEED WITH AN ADJUDICATION OF GUILT
PAGE 2

CAUSE : F0325713T       F0325714T        283RD JUDICIAL DISTRICT COURT

THE STATE OF TEXAS                       DALLAS COUNTY, TEXAS

VS.

BOBBY DREW AUTRY                         JANUARY    TERM 2010


(8)  Defendant failed to submit and PASS a clinical polygraph with a court
     approved polygraph at least once every 12 months or as directed by a
     therapist or supervision officer, having failed to do so by October
     2009.


(6)  Defendant refused to submit to a Polygraph exam as directed by the
     Court on 1/13/10.

42

# ORDER OF TRANSFER

Date <u>April 26, 2010</u>

On this, the <u>26</u> day of <u>April</u> A.D. <u>2010</u>, it is the order of the Judge of the <u>JUDICIAL</u> District Court <u>283rd</u> Dallas County, that the following causes be and the same are hereby transferred to <u>JUDICIAL</u> District Court <u>291st</u> in and of Dallas County, Texas, for trial and final adjudication:

| Cause # | State of Texas vs. | Offense |
|---------|--------------------|---------|
| F-0325713 | BOBBY D. AUTRY | SEXUAL ASSAULT AV CHILD |
| F-0325714 | BOBBY D. AUTRY | SEXUAL ASSAULT AV CHILD |

my criminal history is not pretty, but, I

FILED

2011 FEB 17 PH 4:45

GARY FITZSIMMONS
DISTRICT CLERK
DALLAS CO. TEXAS

001
538

THE STATE OF TEXAS ———————— CAUSE NO. FU3-25714

VS. _____291st_____ DISTRICT COURT _____

Bobby Dew Autry _____ DALLAS COUNTY, TEXAS

### DEFENDANT'S MOTION FOR NEW TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes the Defendant in the above cause and by his Attorney, and moves the Court to grant him a New Trial herein for the good and sufficient reason that the verdict is contrary to the law and the evidence.

WHEREFORE, Defendant prays the Court grant a new trial herein.

Respectfully submitted,

_____
Attorney for Defendant

ORDER

The above Motion is hereby (granted) (overruled)

_____
Judge

I should have been allowed a new trial, by law.

There is much prejudice happening in this case.



Loc. West Tower 5P 5th Floor Control Center 05P 09  Bookin Number: 11001676    Audit Number: 201105378

## APPOINTMENT OF COUNSEL FOR INDIGENT DEFENDANT

The State of Texas                        291st Judicial District Court (FU)
Vs.                                       District Court
AUTRY BOBBY DREW                          Dallas County, Texas

Cause No.:           Offense                        LD
F0325713U         AGG SEX MOUTH CH                  F1

It appearing that the defendant has executed a sworn statement certifying that he/she is without means to employ counsel and requesting appointment of counsel; the Court finds that the defendant is indigent and hereby appoints:  The Attorney: DEBORAH FARRIS

Phone: 972-484-2895        Alt. Phone:
Email: FARRIS4136@SBCGLOBAL.NET
Address: 4136 HIGH SUMMIT DR,  DALLAS, TX 75244

A practicing attorney of the State to represent the defendant in said case(s).

Signed this 24th day of February, 2011

JUDGE
Susan Hawk        67

IndigentAppointmentPD

Cause No. *F03-25714*
*F03-25713*

THE STATE OF TEXAS       §      IN THE _____
VS. *Bobby Autrey*       §      DISTRICT COURT _283rd_
                          §      DALLAS COUNTY, TEXAS

### ORDER FOR EXAMINATION
### REGARDING COMPETENCY/MENTAL ILLNESS

On this day the Court considered the issue of the competency of the Defendant to stand trial in this cause; and the Court being of the opinion that the Defendant should be examined as provided in Chapter 46B of the Code of Criminal Procedure;

**IT IS THEREFORE ORDERED** that Dr. _Pittman_ shall examine the Defendant, _Bobby Autrey_, to determine if the Defendant is competent to stand trial and/or if the Defendant is a person with mental illness in accordance with Chapter 46B of the Code of Criminal Procedure.

**IT IS FURTHER ORDERED** that said doctor shall have access to, and copies of, any and all psychiatric and medical records in possession of the jail or Parkland Health and Hospital System/Dallas County Jail Health with respect to this defendant, including any records of this defendant related to any other book-in number, cause number, or offense, or any records maintained under the above-listed name or any alias names of this defendant. Copies of records may be provided in electronic form.

SIGNED this _9_ day of _March_ 20 _10_.

_R.H. Magnis_
**JUDGE PRESIDING**

Book-in #: _09098245_
Location: _W 3MW02_

43

CAUSE NO. F0325714T / F0325714T | 283RD JUDICIAL DISTRICT COURT

THE STATE OF TEXAS | DALLAS COUNTY, TEXAS

VS:

BOBBY DREW AUTRY | JANUARY TERM 2010

AMENDED

## MOTION TO REVOKE PROBATION OR PROCEED TO ADJUDICATION OF GUILT

COMES NOW the State of Texas by and through her Criminal District Attorney and would show the Court the following.

That __BOBBY DREW AUTRY__, defendant was duly and legally placed on Community Supervision for a period of __10__ years in the above entitled and numbered cause in the 283RD JUDICIAL DISTRICT COURT of Dallas County, Texas, on the 13TH day of __APRIL__ A.D., 2004 for the offense of:

### AGG SEXUAL ASSAULT CHILD & SEXUAL ASSLT CHILD

That the defendant has violated the following conditions: __8__ of said supervision in that,

### SEE PAGE 2 ATTACHED

This violation-offense occurred after __4/13/2004__ and during the term of Supervision.

WHEREFORE, the State prays that said Defendant be cited to appear before this Honorable Court and show cause why the Court should not revoke probation or proceed with an adjudication of guilt on the original charge

This the 14TH day of __JANUARY__, A.D., 2010

CRAIG WATKINS
District Attorney
Dallas County, Texas

BY: _____
Asst. District Attorney

```
***********************
*     F I L E D       *
*   1/14    2010      *
*  GARY FITZSIMMONS   *
*   DISTRICT CLERK    *
*  DALLAS CO., TEXAS  *
*                     *
*        DEPUTY       *
***********************
```

A copy of this motion was delivered to the Defendant on the _____ day of _____ A.D., _____

_____
Court Supervision Officer

I received a copy of this motion on the _____ day of _____ A.D., _____

_____
Defendant

41



CASE No. F-0325714-U
INCIDENT NO./TRN: 9013442250

| THE STATE OF TEXAS | § | IN THE 291st JUDICIAL DISTRICT |
| | § | |
| V. | § | COURT |
| | § | |
| BOBBY DREW AUTRY | § | DALLAS COUNTY, TEXAS |
| | § | |
| STATE ID No.: TX02596567 | § | |

## JUDGMENT ADJUDICATING GUILT

| Judge Presiding: | HON. Susan Hawk | Date Judgment Entered: | 2/11/2011 |
| Attorney for State: | Marci Curry | Attorney for Defendant: | Courtney Hopping |

| Date of Original Community Supervision Order: |
| 4/13/2004 |

Statute for Offense.
22.011 Penal Code

Offense for which Defendant Convicted:
SEXUAL ASSAULT, CHILD / CONT / HAB

Date of Offense:
6/9/2001

| Degree: | Plea to Motion to Adjudicate: | Findings on Deadly Weapon: |
| 2ND DEGREE FELONY | NOT TRUE | N/A |

Terms of Plea Bargain:
NONE

| Date Sentence Imposed: | 2/11/2011 | Date Sentence to Commence: | 2/11/2011 |

Punishment and Place of Confinement:  life INSTITUTIONAL DIVISION, TDCJ

THIS SENTENCE SHALL RUN CONCURRENTLY.

[ ] SENTENCE OF CONFINEMENT SUSPENDED. DEFENDANT PLACED ON COMMUNITY SUPERVISION FOR N/A .

| Fine: | Court Costs: | Restitution: | Restitution Payable to: |
| $ N/A | $ 253.75 | $ N/A | [ ] VICTIM (see below) [ ] AGENCY/AGENT (see below) |

[ ] Attachment A, Order to Withdraw Funds, is incorporated into this judgment and made a part hereof.

Sex Offender Registration Requirements apply to the Defendant. TEX. CODE CRIM. PROC. chapter 62

The age of the victim at the time of the offense was 15 years.

If Defendant is to serve sentence in TDCJ, enter incarceration periods in chronological order.

| Time Credited: | From 1/17/2003 to 5/3/2004 | From 1/22/2008 to 7/2/2008 | From 12/28/2009 to 8/18/2010 |
| | From 1/7/2011 to 2/11/2011 | From   to | From   to |

If Defendant is to serve sentence in county jail or is given credit toward fine and costs, enter days credited below
N/A DAYS   NOTES: N/A

All pertinent information, names and assessments indicated above are incorporated into the language of the judgment below by reference.

The Court previously deferred adjudication of guilt in this case. Subsequently, the Court heard the matter of Defendant's compliance with and obedience to the terms and conditions of the Court's Order of Deferred Adjudication of Guilt. The State appeared by her District Attorney.

**Counsel / Waiver of Counsel (select one)**
☒ Defendant appeared in person with Counsel.
[ ] Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel in writing in open court.

60

After hearing and considering the evidence presented by both sides, the Court FINDS THE FOLLOWING: (1) The Court previously found the Defendant to be qualified for community supervision; (2) The Court DEFERRED further proceedings, made no finding of guilt, and rendered no judgment; (3) The Court issued an order placing Defendant on community supervision for a period of 10 YEARS;

THIS CASE IS ON APPEAL

MLP3071/2



MOTION TO REVOKE PROBATION OR PROCEED WITH AN ADJUDICATION OF GUILT
PAGE 2

CAUSE : F03257140                        291ST JUDICIAL DISTRICT COURT

THE STATE OF TEXAS                       DALLAS COUNTY, TEXAS

VS.

BOBBY AUTRY                              JANUARY_____ TERM 2010

(b)(1) BOBBY AUTRY did violate condition (b) in that he self admitted to injesting Suboxone without a prescription.

(b)(2) BOBBY AUTRY did violate condition (b) in that he self admitted to marijuana use in September, 2009.

(o)(1) BOBBY AUTRY did violate condition (o) in that he self admitted to alcohol use with a friend in February, 2009.

(o)(2) BOBBY AUTRY did violate condition (o) in that he failed to refrain from the consumption of alcohol, having participated in an "alcohol study" for a period of 12 weeks, beginning in February, 2010.

MLP 38112.007/JP/rl

*I have no conscience remembrance of signing a confession.*

VG

DEFENDANT Autry, Bobby Drew _____ W M 02061962 CHARGE SEX CONT CIU3RD _____
AKA:
ADDRESS 1756 Belt Line Rd, Garland, Tx _____ LOCATION DSO _____
FILING AGENCY TX0571100 _ DATE FILED February 05, 2003 _ COURT _____ CDC3 _____
COMPLAINANT Hartman, Joshua _____ F-0325714 VT#: _____
C/C

THE STATE OF TEXAS                                      CAUSE NO. F-0325714

VS.
                                                       CRIMINAL DISTRICT COURT 3
Autry, Bobby Drew                                      DALLAS COUNTY, TEXAS

## JUDICIAL CONFESSION

Comes now Defendant in the above cause, in writing and in open Court, and consents to the stipulation of the evidence in this case and in so doing expressly waives the appearance, confrontation and cross-examination of witnesses. I further consent to the introduction of this Judicial Confession and testimony orally, by affidavits, written statements of witnesses and other documentary evidence. Accordingly, having waived my Federal and State constitutional right against self-incrimination, and after having been sworn, upon oath, I judicially confess to the following facts and agree and stipulate that these facts are true and correct and constitute the evidence in this case:

On the      9 th      day of June A.D., 2001            , in Dallas County, Texas, I did unlawfully,

unlawfully then and there intentionally and knowingly cause the sexual organ of JOSHUA HARTMAN, a child, who was not then the spouse of defendant, to contact and penetrate the anus of said defendant.

And it is further presented to said Court that prior to the commission of the aforesaid offense, the said defendant was convicted of a felony offense of INDECENCY WITH A CHILD/CONTACT, on the 16TH day of NOVEMBER, 1995, A.D., in Cause Number F94-26520-WU on the docket of 291ST JUDICIAL DISTRICT COURT, of DALLAS County, Texas under the name of BOBBY DREW AUTRY and said conviction was a final conviction.

And it is further presented to said Court that prior to the commission of each of the aforesaid offenses, the said defendant was convicted of a felony offense of BURGLARY OF A HABITATION, on the 2ND day of JULY, 1982, A.D., in Cause Number F82-82731-JL on the docket of CRIMINAL DISTRICT COURT NO. 5, of DALLAS County, Texas under the name of BOBBY DREW AUTRY and said conviction was a final conviction.

I further judicially confess that I committed the offense with which I stand charged exactly as alleged in the indictment in this cause.

APPROVED BY:

_____                    _____
Attorney for Defendant                        Defendant

SWORN TO AND SUBSCRIBED before me on the _____ day of _____ , 20 _____

APPROVED BY:                                  JIM HAMLIN, CLERK
                                             DISTRICT COURTS OF
                                             DALLAS COUNTY, TEXAS

_____                    By _____
Assistant District Attorney                   Deputy District Clerk

Defendant's agreement to stipulate and waiver of confrontation and cross-examination of witnesses are in all things approved by the Court. The above Judicial Confession is hereby approved by the Court.

                                             _____
                                             PRESIDING JUDGE

SE#1                 JUDICIAL CONFESSION

24

*There is no Notary?*

Cause No. F 0 3-25714-JT

456/128

| | | |
|---|---|---|
| STATE OF TEXAS | § | IN THE _283_ |
| VS. | § | DISTRICT COURT _____ |
| _Bobby Actry_ | § | DALLAS COUNTY, TEXAS |

## PLEA AGREEMENT

TO THE HONORABLE JUDGE OF SAID COURT:

The defendant herein and the attorneys for both the defendant and the State waive a jury trial and make the following agreement:

Defendant's plea: [✓] Guilty [ ] Nolo contendere
[✓] Defendant will testify. [ ] Defendant will NOT testify.
Plea to enhancement paragraph(s): [ ] True [ ] Not true
Type of plea: [✓] Plea bargain [ ] Open plea
Open as to: [ ] Deferred Adjudication [ ] Community Supervision [ ] Fine [ ] Restitution
[ ] Other. _____
State's recommendation: _____
Agreed sentence:
[ ] Confinement in (penitentiary)(state jail)(county jail) for _____ (years) (months) (days).
[ ] Post-conviction community supervision, confinement probated for _____ (years) (months) (days).
[X] Deferred community supervision for __10'__ (years) (months)(days).
[ ] Fine of $_____ . [ ] To be paid. [ ] To be probated.
[ ] Boot Camp [ ] Shock Probation [ ] Substance Abuse Felony Program
[ ] Judicial Drug Treatment Center [ ] CENIKOR [ ] Dallas County Jail Chemical Dependency Program
[ ] Restitution in the amount of $_____ . [ ] Back-time NOT included.
[ ] Back-time included _____
[ ] Defendant will sign waiver of extradition. [ ] Defendant knowingly and voluntarily waives appeal.
[ ] Other: _____

[ ] CHANGE OF NAME *(Applicable only if box is checked)*
The defendant having suggested that his/her true name is other than that set forth in the charging instrument, and having moved that the charging instrument and all other documents in this cause be amended to show his/her true name to be _____, said motion is hereby granted. It is so ordered.

### COURT'S ADMONITIONS TO DEFENDANT
You are charged with the offense of: _Sexual Assult / Child_ .
The punishment range for the offense charged is:
[ ] 1st Degree Felony, 5 - 99 years or Life and an optional fine not to exceed $10,000.00.
[X] 2nd Degree Felony, 2 - 20 years confinement and an optional fine not to exceed $10,000.00.
[ ] 3rd Degree Felony, 2 - 10 years confinement and an optional fine not to exceed $10,000.00.
[ ] State Jail Felony, 180 days - 2 years State Jail and an optional fine not to exceed $10,000.00.
[ ] _____

You have an absolute right to a jury trial, to confront and cross-examine the witnesses against you, and to call witnesses in your own behalf. You have a right to testify, but you cannot be compelled to do so. The prosecuting attorney's recommendation as to punishment is not binding on the Court. You will be permitted to withdraw your plea if the Court rejects any plea bargain made in this case. If the punishment assessed by the Court is not greater than that which you have plea-bargained, you may not appeal on any matter in the case unless the Court grants permission for the appeal or the matters appealed were raised by written motion filed and ruled on before the plea. If you enter a plea of guilty or nolo contendere and there is no plea bargain, the court may assess your punishment anywhere within the range allowed by law. If you are not a citizen of the United States, a plea of guilty or nolo contendere may, and under current Federal Immigration rules *is almost certain to*, result in your deportation, exclusion from admission to the United States, or denial of naturalization. If you have a court-appointed attorney, you have a right to ten days from the date of the attorney's appointment to prepare for trial. You have the right to be tried on an indictment returned by a Grand Jury, and, unless you are on bond, a right to two entire days after being served with a copy of the charging instrument before being arraigned. If you receive unadjudicated community supervision and violate its conditions, you may be arrested and subjected to a hearing limited to determining whether or not guilt should be adjudicated. If guilt is adjudicated, no appeal may be taken from the Court's decision, and the full range of punishment is open to the Court. All proceedings, including assessment of punishment, pronouncement of sentence, granting of community supervision, and an appeal, then continue as if the adjudication of guilt had not been deferred. [In sex offense cases, see Court's Admonition to Sex Offenders, which is incorporated by reference and attached hereto.]

### DEFENDANT'S STATEMENTS AND WAIVERS
With the approval of counsel, defendant makes the following statements and waivers. I am the accused in the charging instrument and am mentally competent. I understand the nature of the accusation made against me, the range of punishment for such offense, and the consequences of a plea of guilty or *nolo contendere*. I understand that I have an absolute right to a jury trial, that I have the right to remain silent, that anything I say can and will be used against me, that I have the right to confront and cross-examine the witnesses against me, and that I have a right to be tried upon an indictment returned by a grand jury. I understand that if I am not a United States citizen, a plea of guilty or *nolo contendere* will probably result in my deportation from the United States, exclusion from admission to the United States, or denial of naturalization under Federal law.

22

**I learned of Witness Recantations after my Plea of Guilty.**

I hereby waive my right to be tried on an indictment returned by a grand jury; any and all defects, errors, or irregularities, whether of form or substance, in the charging instrument; my right to a jury tri... and my right to remain silent. I waive arraignment and reading of the charging instrument; the appearance, confrontation, and cross-examination of witnesses; my right to ten days to prepare for trial after the appointment of counsel (if counsel has been appointed); and the preparation of a pre-sentence report. I consent to the oral or written stipulation of evidence or testimony, to the introduction of testimony by affidavits or written statements of witnesses, and to all other documentary evidence.

I admit and judicially confess that I committed the offense of _Sexual Assault/Child/Habitual_ on _6-9-01_ exactly as alleged in the charging instrument. I affirm that my plea and judicial confession are freely and voluntarily made, and not influenced by any consideration of fear, persuasion, or delusive hope of pardon or parole.

I understand the admonitions regarding unadjudicated community supervision, and that I will be required to register as a sex offender if convicted of, or placed on community supervision for, one of the offenses enumerated under Court's Admonition to Sex Offenders, attached hereto. I understand that under the Uniform Extradition Act, should I be charged with a violation of my community supervision and be arrested in another state, I have the right to require the issuance and service of a warrant of extradition, the right to hire legal counsel, or, if indigent, to have counsel appointed, and the right to apply for a writ of habeas corpus to contest my arrest and return to this State.

[   ] I voluntarily and knowingly waive my rights under the Extradition Act, waive extradition, and waive my right to contest my return to the State of Texas from any jurisdiction where I may be found. I understand and agree that such waiver is irrevocable.

[   ] I understand that I have a right to appeal to the Court of Appeals. If the trial court follows the terms of the State's recommendation as to sentencing, then, after consulting with my attorney, I do expressly, voluntarily, knowingly, and intelligently give up and waive my right to any appeal.

**[X] DEFENDANT'S PLEA TO ENHANCEMENT PARAGRAPH(S)** *(Applicable only if box is checked)*

I, the defendant, plead true to the (~~second, third~~)(second and third) enhancement paragraph(s) which is/are contained in the charging instrument, and judicially confess that I am the same person who was previously duly and legally convicted of the offense(s) alleged therein.

#2

**SIGNATURES AND ACKNOWLEDGMENTS**

I, the defendant herein, acknowledge that my attorney has explained to me, and I have read and I understand, all the foregoing admonitions and warnings regarding my rights and my plea, and that my statements and waivers are knowingly, freely, and voluntarily made with full understanding of the consequences. I request that the Court accept all my waivers, statements, agreements, and my plea.

_4-13-04_
Date

Defendant
Printed Name: _Bobby Autry_

I have consulted with the defendant, whom I believe to be competent, concerning the plea in this case and have advised the defendant of his/her rights. I approve and agree to all waivers, statements, and agreements of the defendant herein and ask the Court to accept them and the defendant's plea.

_4-13-04_
Date

Attorney for Defendant
Printed Name: _Gary D. Unell_
State Bar # _20390016_

As attorney for the State, I hereby consent to and approve the requests, waivers, agreements, and stipulations in this instrument.

_041304_
Date

BILL HILL, Criminal District Attorney, Dallas County, by

Assistant District Attorney
Printed Name: _Eren Price_
State Bar # _00790676_

It appearing to the Court that the defendant is mentally competent and is represented by counsel, that the defendant understands the nature and consequences of the charge, and that all the parties have consented to and approved the waiver of jury trial and stipulations of evidence, the Court finds the waivers, agreements, and plea to have been knowingly, freely, and voluntarily made, approves the waivers and agreements, accepts the defendant's plea, approves the stipulation of testimony, and approves the change of name contained herein (if applicable).

_4-13-04_
Date

Judge

*(Revised 01-15-03)*

23

<u>ORDER</u>

On this date came to be heard the foregoing Defendant's Motion in Limine, and after due consideration. the Court is of the opinion that the same should be and it is hereby (GRANTED) (DENIED, to which action of the Court the Defendant excepts).

SIGNED AND ENTERED this _____ day of _____, 2003.


_____
**JUDGE PRESIDING**


MOTION IN LIMINE - PAGE 3

21

| Ex Parte | § | In The Court of |
|---|---|---|
| Bobby Drew Autry | § | Criminal Appeals |
| Petitioner | § | Austin, Texas |

<u>Writ of Mandamus for Extreme Remedies</u>

Making it known, Petitioner's Written Objection To The Constructive Modification Of His Probation And Plea Agreement And Is Requesting Immediate Release From Confinement, Pursuant To The Law And The United States Constitution.

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAR 26 2015

<u>To The Honorable Judge Of Said Court:</u>

Now Comes Bobby Drew Autry, the Appellant, Clerk herein, being restrained in his liberty by the Texas Department of Criminal Justice - Institutional Division on Judgment Ordered by the 291st Judicial District Court and files this, Writ of Mandamus, of his Written Objection to the Constructive Modification of his Probation and Plea Agreement, and Request for Immediate Release from Confinement, and in support thereof would show the Court as follows:

<u>I</u>

Petitioner, by and through Court Appointed Counsel, pled guilty to and was placed on probation for the above styled cause numbers on April 13, 2004, for the offenses of Sexual Assault of a Child in both cases. The judgments ordered petitioner to ten (10) years deferred probation. The probation period began on April 13, 2004. Conditions of Probation attached as Exhibit 1.

<u>II</u>

Petitioner was also sentenced on April 13, 2004 in Cause Number W03- 25657-T(A) for Indecency w/child to five (5) years in TDCJ-ID. Sentence began April 13, 2004 and back time was granted back to January

Page 1

II

18, 2003, Petitioner was released from the Texas Department of Criminal Justice - ID on January 18, 2008 and reported to the 283rd Judicial District Court on January 22, 2008 to continue his probation outside of prison.

### III

On January 22, 2008 a "quick test" urinalysis was conducted on the petitioner. The Court issued a warrant for petitioner's arrest when the "quick test" urinalysis revealed a positive result for Methamphetamine. Petitioner was taken into custody from the Courtroom. However, on January 25,2008 a subsequent lab test urianlysis result returned a negative result for Methamphetamine. It was stated as being a Prescription Medication, Prescribed to petitioner, that caused the <u>False Possitive</u> for Methamphetamine.

### IV

Although the Court was informed of the negative test results for methanphetamine, the Court ordered petitioner to remain in Jail for an indefinite period of time until housing was available for petitioner at Homeward Bound. "This order is in effect a Modification of petitioner's Plea Agreement and Conditions of Probation". *See attached.*

### V

There was no active warrants, or pending motions to proceed with adjudication and further, no violation of probation had occured. Where there is no agreement by petitioner to modify the Plea or the Conditions of Probation and there is no violation found to be true, the Court cannot <u>amend or modify</u> the Conditions of Probation or the Plea Agreement without allowing the petitioner an opportunity to withdraw his Plea, under Texas Code of Criminal Proceedure Art. 26.13, Art. 26.13(b) Art. 42.12, sec. 10 and Art. 42.12, sec. 22.

## VI

The continued incarceration of petitioner, January Term 2008, with out a valid motion to proceed or without an agreement by the petitioner to modify the Plea Agreement or the Conditions of Probation and when there was no valid violation of probation is Illegal and an arbitrary and capricious ruling. The petitioner objects to all modifications as stated above and request immediate release from his incarceration, or in the alternative Request The Court of Criminal Appeals to grant a Fair and Just order that orders the 291st Judicial District Court, Dallas County, Texas to set a hearing to review these allegations and in so finding defect, return the petitioner for a hearing to allow a withdraw of his plea as described by Law T.C.C.P. Art. 26.13.

## VII

Petitioner further asserts that on December 28, 2009 the same, 283 rd Judicial District Courtby and through the Honorable Rick Magnis, did manufacture another probation violation, stating rule #3 on Exhibit B had been violated, and did issue a warrant for petitioner's arrest and petitioner was arrested from the Courtroom. "Modified Conditions of Probation" which petitioner was advised not to sign, and he didn't. Attached hereto is a copy of the "Modified Conditions of Probation", with Exhibit B also attached.

## VIII

Petitioner also asserts that the document "Modified Conditions of Probation" is in FACT Illegal in nature, Arbitrary, and Capricious. This is the Courts January Term 2008, but the document "Modified Conditions of Probation" is witnessed on the 13th day of April 2004 the date petitioner was actually given the probation. The Honorable Rick Magnis signed this document and attempted to have petitioner sign it. Petitioner refused to sign on advice of counsel Janet S. Cook.

## IX

Furthermore, petitioner shows this Honorable Court that on April 23,2010 the Honorable Rick Magnis recused himself from further involvement in the above listed cause numbers. Attached hereto is a copy of the "Request To Transfer Case" to the 291st Judicial Dictrict Court.

## X

Petitioner was then transferred to the 291st Judicial District Court. There was no probation violation found to be true. Once again petitioner's probation conditions are being modified without a valid reason. Attorney for petitioner advised petitioner poorly demonstrating Ineffective Assistance of Counsel and petitioner was forced to sign the new "Modified Conditions of Probation". The Constitutional defect has already taken place once before, on January 28,2008. Due Process is still being violated.

## XI

Subsequently petitioner was adjudicated guilty on Febuary 11, 2011 and is now serving two (2) life sentences stacked. Counsel for petitioner was surely Ineffective. There was no investigation of the case. Petitioner did file appeal, (Affirmed) and did file Writ of Habeas Corpus, (Denied without written order). The jurisdiction of the case is now in the Court of Criminal Appeals @ Austin. It is in the power of the Court of Criminal Appeals to order a hearing for plea withdraw or to order a new trial or even a reversal. Or in the alternative Affirm.

## XII

Petitioner now asserts that the Complainant Recantations demonstrate Actual Innocence. Recantations were learned of after the guilty plea but before sentencing. No objection was filed by counsel, petitioner was under the influence of strong psychotropic medications. No investi-

gation or psych evaluation was done. Petitioner has a history of psychiatric disorders dating back to 1973. From age 11. Petitioners counsel never requested evaluation even though petitioner was under the care of Parkland Jailhealth Mental Department. The Judge ask defense counsel Is Your Client MHMR? Mr. Unell said no, <u>That Was A Lie</u>. Then the Judge ask the A.D.A. Erin Price What Evidence Do You Have? And her reply was <u>None Your Honor The Witnesses Recanted And Maintain That They Wrote No Statements Against The Defendant, (petitioner)</u>. But petitioner was coerced into signing a "Judicial Confession" while under the influence of psychotropic medications. T.D.C.J. will not allow prisoners to copy any papers in their possession so petitioner cannot send his only copy early childhood records as well as others he has only one copy of, but attached hereto are copies of petitioners stay in jail before his transfer to prison. Medical Records from Parkland Jail Health at the Dallas County Jail. And Metrocare of Dallas, records.

## XIII

### Argument and Authorities

If order revoking probation is based on no evidence, rather than merely insufficient evidence, there is a violation of due process and collateral attack on the order is valid and proper. See;

<u>Ex Parte Moffett</u>, 542 S.W. 2d 184 (Tex. Crim. App. 1976) Constititional Law Key 270(5) and Criminal Law Key 1557(4)

The Court of Criminal Appeals has held that, if the original judgment imposing probation was void, then the trial Court would have no authority to revoke probation since, with no judgment imposing probation, because it is a nullity, there is nothing to revoke. See;

<u>Nix v. State</u>, 65 S.W. 3d (Tex. Crim. App. 2001)

Without the "Judicial Confession" there is no evidence. A judgm-

Page 5

ent of conviction is void if; the record clearly reflects there is no evidence to support the conviction. See;

Nix v. State, 65 S.W. 3d 664, 668 (Tex. Crim. App. 2001).

In some cases, a single critical error may render counsel's performance constitutionally defective. See;

Nero v. Blackburn, 597 F. 2d 991, 994(5th Cir. 1979).

The Fifth Circuit has stated, "we review ineffective assistance of counsel claims de novo."See;

Williamson, 183 F. 3d at 461(5th Cir. 1999).

The policy that Federal due process is violated when an innocent person is incarcerated, as ground for Writ of Habeas Corpus, applies with no less force when the conviction is obtained by a bench trial or a guilty plea. Key 462 See;

Ex Parte Tuley, 109 S.W. 3d 388(Tex. Crim. App. 2002). and that an applicant's guilty plea does not preclude his claim of actual innocence on application for Writ of Habeas Corpus based on evidence that was unavailable at the time he pleaded guilty. Recantations were learned of after petitioners plea of guilty.

### Actual Innocence and Complainant's Recantations.

Ex Parte Tuley, 109 S.W. 3d 388(Tex. Crim. App. 2002).
Ex Parte Elizondo, 947 S.W. 2d 202(Tex. Crim. App. 1996).
Ex Parte Harmon, 116 S.W. 3d 778(Tex. Crim. App. 2002).
Ex Parte Carmona, 185 S.W. 3d 492(Tex. Crim. App. 2006).
Ex Parte Zapata, 235 S.W. 3d 794(Tex. Crim. App. 2007).

### XIV

### Petitioner's Conclusion

Understandably the charge as alleged is repulsive and even heinous. But that's the alleged charge, not proof in itself that the petit-

ioner actually committed the crime as charged. Mere opportunity to co-mit a crime is not evidence that the petitioner comitted the crime. And to assume so would be a disregard for the petitioner's constituti-onal rights and that is no "Justice", that would be "Just Winning". There's no "Justice" in that. See;

U.S. v. Anchondo-Sandoval, 910 F. 2d 1234(5th Cir. 1990) Citing;

Berger v. United States, 295 U.S. 78, 55 S.Ct. 629, 79 L.Ed. 1314(1935)

The United States is the representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern imp-artially is as compelling as its obligation to govern at all; and who-se interest, therefore, in a criminal prosecution is not that it will win a case, but that "Justice" shall be done.

### Prayer

Wherefore, premises considered, petitioner requests this Honorab-le Court to grant the petitioner all relief requested herein and any such other relief as may be entitled to petitioner as described by law. Or in the alternative affirm.

Respectfully Submited

Bobby Drew Autry

Bobby Autry #01701196

McConnell Unit

3001 S. Emily Dr.

Beeville, Tx. 78102

Page 7

<u>INMATES DECLARATION</u>

I <u>Bobby Drew Autry,</u> T.D.C.J. # <u>1701196</u>, being presently incarcerated in the

Texas Department of Criminal Justice, McConnell Unit, declares under penalty

of perjury that according to my belief, the facts stated in this affidavit are

true and correct.

On this the 19 day of Mar, 2015

Bobby Drew Autry #1701196

## Certificate of Service

This is to certify that a true and Correct Copy of the above, "Petitioner's Written Objection to the Constructive modification of Probation and Plea Agreement" and request immediate release from Confinement, was served on the Court of Criminal Appeals
Court Clerk - Abel Acosta
P.O. Box 12308 - Capitol Station
Austin, Texas 78711

This 19TH day of Mar. 2015

NO. W03-25713-U(A) & W03-25714-U(A)

BOBBY DREW AUTRY § IN THE ~~DISTRICT COURT~~ Court of

V. § ~~291st JUDICIAL DISTRICT~~ Criminal Appeals

THE STATE OF TEXAS § ~~DALLAS COUNTY, TEXAS~~ Austin, Texas

:*:*:*:*:*:*:*:*:*:*:*:*:*:*:*:*:*:*:*:*:*:*:*:*:*:*:*:*:*:*:*:*:*:*:*:*:*:*:*:*:*:*:*:*:*:*:*:*:*

## AFFIDAVIT OF INDIGENCY

:*:*:*:*:*:*:*:*:*:*:*:*:*:*:*:*:*:*:*:*:*:*:*:*:*:*:*:*:*:*:*:*:*:*:*:*:*:*:*:*:*:*:*:*:*:*:*:*:*

TO THE HONORABLE JUDGE OF SAID COURT:

   I Bobby Drew Autry, T.D.C.J.# 1701196, being presently incarcerated in the

McConnell Unit in Beeville, Texas, declare under penalty of perjury that the

following facts are true and correct.

### I.

   Affiant has no stable income, the only money that might be recieved is

from a family member for hygiene maintenance purposes. I am unable to pay any

fees or costs in this action. I do not receive any governmental entitlement

income nor am I allowed to earn wages or handle money. I have no real prop-

erty or interest earning accounts.

### PRAYER

   Wherefore, premises considered, Affiant prays this Court recognize indigent

status and allow this action to proceed .

                                     Respectfully Submitted,
                              On this the 19 day of Mar ,2015

                              _____
                              Bobby Drew Autry # 1701196
                              3001 S. Emily Dr.
                              Beeville, Texas 78102



## Metrocare
### SERVICES

Metrocare - the provider of choice

2866839

| | |
|---|---|
| Name: | Autry, Bobby |
| Record No: | 40066666 |
| DOB: | 02/06/1962     Age: 46 |
| Attend/Clinician: | Judith Hunter |
| Primary/Clinician: | Stella Lee |
| RU/Dept.: | 337     SNOP - Outpatient Clinic |

| | |
|---|---|
| Procedure: | 2001     Psychiatric Diagnostic Interview Exam |
| Start/End Time: | 07/16/2008 1:00PM    to    07/16/2008 1:45PM     Status: Completed |
| Billable Duration: | 45     Type: Minutes     POS: Office |
| CSPP: | MH     Forensic     337     SPIS |
| Status: | Completed and Signed |
| Clinician: | Stella Lee |
| Billing: | Judith Hunter |


| Name: | Autry, Bobby |
|---|---|
| Record No: | 40066666 |
| DOB: | 02/06/1962     Age:  46 |
| Attend/Clinician: | Judith Hunter |
| Primary/Clinician: | Stella Lee |
| RU/Dept.: | 337     SNOP - Outpatient Clinic |

| | |
|---|---|
| **Individual** | Y |
| **Pat Chief Complaint** | Pt is 46 yr old WD WN WM; on psychiatric meds in jail; to clinic for continuation of treatment. |
| **Record Review** | Records from DCJ. |
| **Psychiatric History** | Treated for Bipolar DO 1980's in Tarrant County; in prison 1/2003-1/2008; i jail from 1/22/08-7/2/08; currently at Wayback House; and has been continued in treatment for Bipolar DO |
| **Substance Abuse** | Y |
| **Substance Comments** | Pt abstinent 5.5 yrs for meth; abstinent alcohol, marijuana 8 yrs. |
| **Medical History** | HTN 401.9 on metorporlol and norvasc; GERD 530.11 on ranitidine; and ha: severe back problems and surgeries with chronic pain 722.93. |
| **Allergies Comments** | tylenol. |
| **Primary Care** | Has meds and is being followed at Parkland; has appt for review of back problems. |
| **Family History** | Currently staying at Wayback House. |
| **Middle Insomnia** | Y |
| **Terminal Insomnia** | Y |
| **Sleep Comments** | 3 hrs; even with VPA, elavil, and trazedone at hs; primarily due to chronic severe back pain. |
| **Eating Normal** | Y |
| **Appetite Comments** | Weight stable. |
| **Suicidial Denies** | Y |
| **Aggression Denies** | Y |
| **Physical Appearance** | Adequately groomed |
| **Behavior** | Cooperative |
| **Psychomotor** | Normal |
| **Speech** | Normal |
| **Psychotic Features** | Reports psychosis |
| **Delusions** | None |
| **Psychotic Features Comments** | VH "see people and no one there; like people in peripheral vision or across from table been on thorazine and risperdal; nothing stops it" NO AH//P |
| **Thought Processes** | Organized |
| **Mood Report Comments** | "depressed"; on scale 0-10, pt puts depression at 5. Panic attacks 4x/day, lasting 15-20 min. |
| **Affect** | Mood congruent |
| **Loc** | Alert |
| **Oriented** | Oriented X 3 |
| **Memory Loc** | Intact |
| **Attention Loc** | Normal |
| **Insight** | Fair |
| **Judgment** | Fair |
| **Impulse Control** | Fair |
| **Axis 1 A** | 296.53 |
| **Axis 1 B** | 300.01 |
| **Axis 1 Comments** | Bipolar DO, most recent episode depressed not psychotic 296.53; and panic attacks without agoraphobia 300.01 |
| **Axis 2 A** | 799.9 |
| **Axis 3 A** | 401.9 |
| **Axis 3 B** | 530.11 |
| **Axis 3 C** | 722.93 |


| Name: | Autry, Bobby |
|---|---|
| Record No: | 40066666 |
| DOB: | 02/06/1962 Age: 46 |
| Attend/Clinician: | Judith Hunter |
| Primary/Clinician: | Stella Lee |
| RU/Dept.: | 337   SNOP - Outpatient Clinic |

|  |  |
|---|---|
| Axis 3 Comments | HTN 401.9; GWED 530.11; chronic back pain 722.93 |
| F: Economic Problems | Y |
| B: Problem Related to Social Environment | Y |
| G: Problems With Access to Health Care | Y |
| H: Problems Related to Interaction to Le | Y |
| D: Occupational Problems | Y |
| E: Housing Problems | Y |
| Gaf | 45 |
| Gaf Past Year | 45 |
| Assessment Comments | Pt has extremely mild VH which has never responded to antipsychotic meds; so will not initiate and antipsychotic; pt also reports depression but is on elavil (primarily for chronic pain and anxiety), and trazedone (for insomnia) so hesitate to start another antidepressant but continue monitoring. |
| Dx Comments | Pt has been on numerous meds for chronic pain (hydrocodone, neurontin,etc) and does have appt for chronic pain evaluation. |
| Meds Antidepressant | Elavil (amitriptyline) 1 |
| Meds Depress Dos Mg | 50    MG |
| Meds Antidepressant Frequency | ii hs |
|  | 60 |
|  | 0 |
| Meds Antidepressant 2 | trazodone (Desyrel) |
| Meds Depress Dos 2_mg | 150    MG |
| Meds Antidepressant Freq 2 | i hs |
|  | 30 |
|  | 0 |
| Meds Antimanic | valproic acid |
| Meds Manic Dos Mg | 250    MG |
| Meds Antimanic Frequency | iii hs |
|  | 90 |
|  | 0 |
|  | gel cap if available. |
| Prescription Order Comments | 7/16/08 Pt had blood tests done at Parkland about one week ago. |
| Psychiatric Illness | Y |
| DX | Y |
| TX Alternatives | Y |
| Medication Use | Y |
| Benefits of TX | Y |
| Managing Side Effects | Y |
| Assessment Understanding | Verbalized |
| Understanding Comments | Appt Dr. Rasco 8/18 at 1:30 pm. |
| Next Appt | 4 |

*(handwritten)* = Nortriptaline 4-13-09   150 mg.

*(handwritten)* = 400 MG - 4-13-04

Doc 2866839 Electronically Signed on Jul 16 2008  2:08PM  by AUTHOR    Sylvia   Moring MD Title: Psychiatrist
DMS Staff ID #:    139589

# DEFENDANT'S AFFIDAVIT
# OF INDIGENCE

*W 3mwo* 

Cause No. **F0325714T** , *FD 3 257*

Court **283rd Judicial District Court (FT)**
Dallas County, Texas

The State of Texas

vs.

## BOBBY DREW AUTRY

Before me, the undersigned authority, of this date, personally appeared the defendant in the above styled and numbered cause, known to me to be the person whose name is subscribed hereto as affiant. The defendant, having stated that he was indigent and unable to employ counsel, was placed under oath and inquiry was made in the following factors: the defendant's income and source of income, property owned, outstanding obligations, necessary expenses, number and ages of dependents, spousal income and other matters indicating that he is in fact indigent.

The defendant then deposed and stated as follows:

On this _____ day of _____, _____, I have been advised by the Court of my right to representation by counsel in the trial of the charges pending against me. I certify that I am without means to employ counsel of my own choosing, and I hereby request the Court to appoint counsel for me.

My total monthly income, including spouse's income, SSI, child support, disability or other is:

$ _____

The total value of my assets, including house, cars, cash, stocks, bonds or other is:

$ _____

_____
Defendant/Affiant

SUBSCRIBED AND SWORN before me, the undersigned authority, on this the _____ day of

_____, _____.

_____
Magistrate

## ORDER

On this the _____ day of _____, _____, the Court, having reviewed the foregoing affidavit finds that the defendant is NOT indigent and is financially able to employ counsel.

Signed this _____ day of _____, _____.

_____
**Judge, 283rd Judicial District Court (FT)**
Dallas County, Texas

12-29-09

## ORDER

On this the _____ day of _____, _____, the Court, having reviewed the foregoing affidavit finds the defendant is indigent and unable to employ counsel, and hereby approves the affidavit and appoints:
(1.) The Honorable _____, Phone: _____,
(2.) The Chief Public Defender represented by the Honorable _____,
      Phone: _____, a practicing attorney of this state to represent the defendant in said causes.

Signed this _____ day of _____, _____.

_____
**Judge, 283rd Judicial District Court (FT)**
Dallas County, Texas



WRIT NO. W03-25713-U(A)

| | | |
|---|---|---|
| EX PARTE | § | IN THE 291ST JUDICIAL |
| | § | |
| BOBBY DREW AUTRY, | § | DISTRICT COURT |
| Applicant | § | |
| | § | DALLAS COUNTY, TEXAS |

## ORDER FINDING NO CONTROVERTED, PREVIOUSLY UNRESOLVED FACTUAL ISSUES REQUIRING A HEARING

Having considered the Applicant's Application for Writ of Habeas Corpus and the State's Response thereto, the Court finds that there are no controverted, previously unresolved facts material to the legality of the Applicant's confinement which require an evidentiary hearing. The Court further finds that Applicant's claims are without merit and therefore recommends that relief be **DENIED**.

The Clerk of the Court is **ORDERED** to immediately transmit a copy of this order, the application, and the State's Response to the Court of Criminal Appeals.

It is further **ORDERED** that the Clerk of this Court send a copy of this order to the Applicant, Bobby Drew Autry, #01701196, McConnell Unit, 3001 South Emily Drive, Beeville, TX 78102, and to counsel for the State, Jaclyn O'Connor Lambert.

SIGNED this ____8____ day of August, 2014.

_Jennifer Balido_

_____

**JENNIFER BALIDO, JUDGE**
**291ST JUDICIAL DISTRICT COURT**
**DALLAS COUNTY, TEXAS**

CAUSE NO. W03-25657-A
F03-25657-T

BOBBY DREW AUTRY

§
§
§
§
§
§
§
§
§
§

IN THE 283RD JUDICIAL

COURT DISTRICT

DALLAS COUNTY, TEXAS

## ORDER OF RECUSAL

Being advised of the pleadings, parties, issues, and subject matter of the above-entitled and numbered case, the undersigned voluntarily recuses himself or herself from hearing any further matters in this cause. The court notes that the defendant has two other writs pending in the 291st.

Signed this 24 day of Sept, 2014.

_____
Judge Presiding

IT IS THEREFORE ORDERED that this cause be, and it hereby is, transferred and reassigned to 291st Dist court .

SIGNED this 24 day of September , 2014.

_____
Mary Murphy, Presiding Judge
First Administrative Judicial Region

**Kevin F. Kurtz**

From: Billie Phillips [bmp44@prodigy.net]
Sent: Saturday, January 23, 2010 9:26 AM
To: kevin@kurtzesq.com
Subject: Fw: Bobby (from Lynn Goodwin at my mom's)

Kevin, I am now going to try to e-mail you the information that I gave you on the phone. I am at my mom's house, which she is 85 years old and telling me how to do this....

Here are the numbers:

Ms. Spiewak - Bobby's probation officer
214-653-8464
When Jackie talked with her on the 28th of Dec. she told Jackie that she did not have any violation on him, that there was no problem, that this was coming from the courts for him to show up that Monday morning (12-28-09). She also said that Bobby's counselor, William P. Henschel (Peter), did not have a problem with him and he had told Bobby, when Bobby had asked about, not to worry about the polygraph test, just to start saving up money to take it. I do have his phone number now - 214-361-9797, Central Psychological Services, 6116 N. Central Expressway, Suite 120, Dallas, Texas 75206.

Jackie called Bobby's probation officer the next morning and she had left for vacation so they gave Jackie Ms. Armstead's number, 214-653-2867. Jackie explain to her that she was Bobby's sister and asked what was going on, that Bobby was being held without bond/bail. She said that he was there because of the polygraph test that he had not taken. She gave Jackie the name of a business that would do the testing if Jackie could have the money wired by the next morning. Jackie did that, wiring $200. to: Ruiz Protective Service, Hector Ruiz, 214-306-7551, 2626 Andjohn, Dallas, Texas, 75220.

The next morning Jackie called Ms. Armstead and told her that the money had been wired, Ms. Armstead thanked her for letting her know and that she promised Jackie that she would have everything set up and done before the Judge came back in town on Monday, Jan. 4, 2010.

Bobby had called us and said that he passed.

Kevin, I talked with Bobby last night, Friday, Jan. 22, 2010. He said that he is still not on one of his medications, elivil (spelling ???). He said that he has asked for the mental doctor to come see him and he has yet to have a meeting.

He also was concerned that the Judge is going to "make a new rule" and change the 1,000 feet from a school to more......because we (me and Charles) live 1,020 feet from Bryan Adams. He doesn't want to go back to the homeless shelter, we don't want him to, we want him to live with us and get his life together.

He mentioned that 1107 again.

He said that he would like to have the same probation officer, that he didn't want to change.

1

I know that this is a lot Kevin, I am just telling you this while it is fresh in my little brain.....I know that Bobby is so scared and is so alone.

I do, along with Jackie, Charles, my mother, thank you so much for what you are doing.....I believe in you, like I always have and will always come to you for help.......even though Charles is home right now.....you might be getting a call from me.....for help.....love you Kevin and let me know what is going on.

Call me and let me know about the money on the test.

Love,  Lynn



| Parkland Health & Hospital System<br>Dallas County Jail Health<br>Dallas, Texas<br><br>PSYCHIATRIC PROVIDER PROGRESS NOTE | Patient Name: AUTRY, BOBBY<br>Book-In Number: 11001676<br>Date of Birth: 02/06/1962　　Age: 48 year<br>Race: W<br>Jail Tower: WEST TOWER 05P　Tank: 05P 06<br>AIS Number: 2288233<br>Parkland MRN:<br>Date: 01/19/2011 14:40 |
| --- | --- |

**Current Medical/ Mental Health Conditions:**
  Miscellaneous First Observed 5/12/2010 09:45AM
  Kite First Observed 5/19/2010 03:16PM
  Positive Intake Screening First Observed 1/7/2011 05:44PM


**Functional Status:**


**Medication(s):** *IBUPROFEN 400 MG TABLET, 1 TABS ORAL (PO) TWICE DAILY*
*TOPROL XL 25 MG TABLET SA, 1 TABS ORAL (PO) DAILY*
*CYCLOBENZAPRINE HCL 10 MG TABS, 1 TABS ORAL (PO) TWICE DAILY*
*AMITRIPTYLINE HCL 50 MG TAB, 1 TABS ORAL (PO) EVERY EVENING*
*ESOMEPRAZOLE 40MG CAP, 1 CAP ORAL (PO) DAILY*
*AMLODIPINE BESYLATE 10 MG TABS, 1 TABS ORAL (PO) DAILY*

**Allergies:** *ACETAMINOPHEN*

**Current Vital Signs:** 1/11/2011 *Blood Pressure: 141 / 95 (Standing) , Temperature:99 (Oral) , Pulse:104 (Standing) , Respiration:20 / min, O2Saturation: 95 %, Weight:, Height:*


Pt. seen today for eval. 48 y/o wm.
"I am doing alright...just need my meds...took Depakote liquid...can't swallow the pills..."
Counseled regarding substance use on release
Denies SI/HI. Adjusting to milieu and no altercation with others.
LOS uncertain.

Chart reviewed. Pt first engaged in psychiatric treatment age 11. Doesn't recall reason. Most recent psych treatment in TDC. Has been to SNOPS previously – most recent encounter 11/16/2010 with Rhonda Schmidt, APN. Meds at that time were VPA liquid, Elavil 100mg q1hs and Trazodone 100mg qhs.

**Objective (MSE):**

**NAD**
| | |
| --- | --- |
| Appearance: | AO |
| Attitude: | calm cooperative, easily engaged |
| Motor: | no abnormal movements noted |
| Speech: | spontaneous, normal in rate and rhythm, nonpressured |
| Affect: | mood congruent |
| Mood: | congruent with affect, dysphoric |
| Thought Content: | denies si/hi, no delusions noted |
| Thought Process: | coherent, logical and goal directed, no foi, no loa, |
| Perceptions: | does not appear to be responding to internal stimuli, |
| Insight/Judgment: | Fair/Fair |
| Cognition: | intact |



| Parkland Health & Hospital System<br>Dallas County Jail Health<br>Dallas, Texas<br><br><br>MENTAL HEALTH KITE RESPONSE<br>1 of 1 | Patient Name: <u>AUTRY, BOBBY</u><br>Book-In Number: <u>11001676</u><br>Date of Birth: <u>02/06/1962</u>  Age: <u>48 year</u><br>Race: <u>W</u>       Sex: <u>male</u><br>Jail Tower:  <u>WEST TOWER 05P</u>  Tank:  <u>05P 06</u><br>AIS Number: <u>2288233</u><br>Date: <u>01/17/2011 10:20</u> |
|---|---|

## MH – MENTAL HEALTH KITE RESPONSE FORM

**Subjective: Chief Complaint (Kite Content)**
☒ Requesting to see a provider        ☐ Medication not working        ☐ Medication side effects
☐ Not receiving prescribed meds   ☐ Suicidal thoughts                    ☐ Homicidal thoughts
☐ Requesting the following (check all that apply)
        ☐ Speak to MH attorney       ☐ Help in contacting family members       ☐ Moved from tank
        ☐ Help with legal issues       ☐ Help in contacting Dallas Metrocare
☐ Increase in symptoms (check all that apply):        ☐ Sleep        ☐ Anxiety  ☐ Depression
        ☐ Paranoia       ☐ Hallucinations      ☐ Other
☒ Other (Specify) Patient reports he was being treated at M etrocare, for Bipolar disorder. Last dose of vpa, trazodone, and elavil, was 1 week ago. Mg's unknown by patient.


**Objective**
☐ Mental Status Exam                          ☐ No clinical contact necessary, patient not seen
        ☒ Within normal limits
        ☐ Remarkable Observations


**Assessment**
        ☐ Patient complaint(s) is not a mental health issue.
        ☒ Patient complaint(s) is a mental health issue which requires attention.
        ☐ Patient complaint(s) is a mental health issue but has been addressed previously.
        ☐ Duplicate kite
        ☐ Other (Specify)

**Plan**
☐ Duplicate kite; no additional follow-up.
☐ Patient is being referred to:
        ☒Psychiatric Provider      ☐Psychologist/Psychological Assessor        ☐MHL        ☐ Nurse
        ☐ Medical Provider
☐ Chart review indicates scheduled appointment pending that will address patient complaint/request.
        ☐ Specify appointment type and date:
☐ Other referral is made to address patient request:
                ☐ Chaplain
                ☐ Dental
                ☐ Dallas MetroCare Liaison
                ☐ Other (Specify):
☐ Patient to be referred for group programming.
☐ Patient moved to alternate housing location (Specify):
☐ Patient placed on Suicide Precautions.
☐ Patient placed on Crisis Stabilization Program.
☐ Patient has been released since kite was written; no follow-up.
☐ Other (Specify):
☐ Patient education provided:  ☐ Sleep ☐ Anxiety ☐ Medication ☐ Coping Skills ☐Housing
                ☐ Other:

Electronically Signed by AVERHEART, YVONNE on 01/17/2011.
##And No Others##



Parkland Health & Hospital System
Dallas County Jail Health
Dallas, Texas

**MEDICAL
CHRONIC CARE NOTE - INITIAL**

Patient Name: AUTRY, BOBBY

Book-in Number: 11001676

Date of Birth: 02/06/1962   Age: 48 year

Race: W   Sex: male

Jail Tower: WEST TOWER 05P   Tank: 05P 09

AIS Number: 2288233

Date: 01/25/2011 10:11

**Current Medical/ Mental Health Conditions:**
Miscellaneous First Observed 5/12/2010 09:45AM
Kite First Observed 5/19/2010 03:16PM
Positive Intake Screening First Observed 1/7/2011 05:44PM

Medication(s): *IBUPROFEN 400 MG TABLET, 1 TABS ORAL (PO) TWICE DAILY*
*TOPROL XL 25 MG TABLET SA, 1 TABS ORAL (PO) DAILY*
*CYCLOBENZAPRINE HCL 10 MG TABS, 1 TABS ORAL (PO) TWICE DAILY*
*AMITRIPTYLINE HCL 50 MG TAB, 1 TABS ORAL (PO) EVERY EVENING*
*ESOMEPRAZOLE 40MG CAP, 1 CAP ORAL (PO) DAILY*
*AMLODIPINE BESYLATE 10 MG TABS, 1 TABS ORAL (PO) DAILY*
*VALPROIC ACID 250 MG/5 ML SYR, 250 MG ORAL (PO) EVERY EVENING*
*TRAZODONE 100 MG TABLET, 1 TABS ORAL (PO) EVERY EVENING*

*[handwritten: # Muscle Relaxer to Valproic Acid
4-13-04
Trazodone 400 mg. ea night.
Amlodipine 100 mg. ea. night
Amitriptyline
→ Also Took These Drugs
1/2003 Thru 5/2004]*

**Allergies:** *ACETAMINOPHEN*

**Current vital signs:** 1/25/2011 *Blood Pressure:131 / 90 (Sitting) , Temperature:97.7 (Oral) , Pulse:80 (Sitting) , Respiration:16 / min, O2Saturation: 96 %, Weight:, Height:*

< Paste Tree Here>

MEDICAL PROVIDER ENCOUNTER NOTE
TYPE OF VISIT:
Chronic Care Clinic Visit, Initial
SUBJECTIVE:   S/P BACK SURGERY X 2 , H/O INTERNAL STIMULATOR .
S/P LEFT KNEE SURGERY X 2. , N CHRONIC PAIN MEDS.

HISTORY OF PRESENTING ILLNESS:
Hypertension (INITIAL)
Age of Onset?
41 to 50 years
History of chest pain or shortness of breath in the free world?
No
Ever required hospitalization for Hypertension?
No
History of Heart Attack?
No
History of Heart Failure?
No
History of Abnormal Heart Rhythm?
No

### ALLERGIES

| Allergy | Reaction: | Severity: |
|---|---|---|
| Comment | | |

| Reaction | Status | Deletion Reason |
|---|---|---|
| Deleted Date | | |
| ACETAMINOPHEN | | UNKNOWN |

### &Active MEDICATIONS

ELAVIL 50MG TABS    1 TABS ORAL (PO) QPM  01/08/2011 08:21 #30
AMLODIPINE BESYLATE 10 MG TABS    1 TABS ORAL (PO) QDAILY  01/08/2011 08:22 #30
CYCLOBENZAPRINE HCL 10 MG TABS    1 TABS ORAL (PO) BID  01/08/2011 08:20 #60
ESOMEPRAZOLE 40MG CAP    1 CAP ORAL (PO) QDAILY  01/08/2011 08:21 #30
MOTRIN 400MG TABS    1 TABS ORAL (PO) BID  01/08/2011 08:20 #40
TOPROL XL 25MG TABS    1 TABS ORAL (PO) QDAILY  01/08/2011 08:20 #30
DESYREL 100MG TABS    1 TABS ORAL (PO) QPM  01/19/2011 14:57 #180
DEPAKENE SYR  5ML 250MG/5ML MG    250 MG ORAL (PO) QPM  01/19/2011 14:55 #1
   Special Instructions:    ADMINISTER DEPAKENE SYR 5ML QPM (DOSE EQUIVALENT TO 250MG)

Parkland Jail Health Record


*Dear Bobby*

# North Texas SpineCare, L.L.P.
## Non-surgical and Surgical Treatment of the Spine

◆ Huntly G. Chapman, MD  ◆  Craig C. Callewart, MD  ◆  Robert G. Viere, MD  ◆  Andrew E. Park, MD

October 8, 2008

RE:   BOBBY AUTRY

DOB:  2-6-62

SS:   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

To Whom It May Concern:

Based upon my education, training, and experience, it is my considered opinion Bobby Autry as mentioned above is permanently disabled with respect to his low back which carries a permanent impairment.

Kindest regards,

Yours sincerely,

Huntly G. Chapman, MD

HGC:src

CIN 0823 / 1983 | D.O.B. 2-6-62

QF.
2500

CL.07

Bobby Dean Autry @42 (Bi-polar)

In Lew Sterrett

Aprons
P.D.
says that they
are trying to
"Commit" him (insane)

Parole officer
told

1 * — "Sexual Assault
Prison 2 * — w/ minor boy

BA = Bias + Prejudice

Kevin Kurtz
Noted The
Judge,
Saying

copy
of
Prit
papers

Rick Magnis
Lynn Goodwon + Charles
1911 Peavy
Dallas, Tx 75228

"I'm going to
get him"

didn't take
lie detection
test

(214)
320-1270

Justin Montauds

1-970-944-0326

then he took
test +
PASSED

BA = Everything
I wrote on
the Paper

in Jan 2008

Mod of Prob.

Objections

Δ P.G. BT. on 4-13-04
placed on Prob. 10 yrs def.
adj.

Also sentenced ON 4-13-04

F03-25657-T  Indexing w/ch
given  S  TDC

actual start date) Sentence began
1/18/03 )                    4-13-04

Back time granted to Jan. 18, 2003
Δ released  TDC  = 1-18-08

Δ reported to 283 on 1-22-08
to continue Probation

Δ given "quick Test" for urinalysis
Test positive METH
on 1-25-08 subsequent LAB
Test
NEGATIVE

BA Kevin Kurtz hand written file notes.

. After Passing The First Polygraph, Judge Magnis wrote this order for me to take another.

F03-25713-T
F03-25714-T

| | | |
|---|---|---|
| STATE | ) | In the 283rd |
| -v- | ) | DISTRICT COURT |
| Bobby Autry | ) | DALLAS COUNTY, TEXAS |

## ORDER

The Court having been made aware of the necessity for a probation polygraph on the above named defendant finds that Polygrapher, Hector Ruiz, should be granted access to Bobby Autry on Friday, Feb. 5, 2010 to facilitate a polygraph to be used by Court and the Community Supervision and Corrections Dept.

It is therefore ORDERED that the Dallas County Sheriff's Dept. grant Polygrapher, Hector Ruiz, access necessary to Bobby Autry at the Dallas County Jail or wherever he is held on Feb. 5, 2010 at approximately 10 Am in order to facilitate a polygraph examination.

Signed on this 5th of Feb., 2010

Judge Rick Magnis
283rd District Court

1/28/08  E/O mod and prob  538/54
def to enter Wayback House

12/28/09  P/V mtn filed - warrent issued
& deft arrested from Courtroom

4/26/10  E/O Transfer To 291st  592/908

4/29/10  E/O receiving From 283rd  579/105

7/20/10  E/O mod cond of Prob  584/194

11/12/10  E/O mod cond of Prob  600/404

1/7/11  P/V mtn filed - warrant issued

Client: _Bobby Austin_     TDCJ# _R-1873_

Case Manager: _Mark Brandon_     DOA: _7/2/08_

**Income/Employment:** _Disability_

**Strategies/Referrals:** _MHMR / Soc Sec Admin_

**Family/Community:** _Brother_

**Strategies/Referrals:** _Maintain relationships: Visitation / Telephone_

**Education/Training:** _GED / Some College_

**Strategies/Referrals:** _DCCCD for Associate Degree / Continuing_

**Medical/Physical:** _Spinal Problems_

**Strategies/Referrals:** _Ms. Crain referrals & PMH_

**Mental Health:** _Yes_

**Strategies/Referrals:** _MHMR_

**Substance Abuse:** _None_

**Strategies/Referrals:** _Maintain abstinence_

**Identification Documents:** _Soc Sec / Birth Certificate / TDC ID_

**Strategies/Referrals:** _Texas ID / Stewpot_

**Special/Other Supervision Conditions:** _referral for probation Supervision_

**Strategies/Referrals:** _DCAP Supervisor_

**Strategies/Referrals:**_____

## DISCHARGE PLAN

**Estimated Date of Discharge:** _January 2, 2008_

**Anticipated Home Plan:** _July 2, 2009_

City: _Dallas_    State: _Tx_    Zip:_____

Telephone:_____ HP Submitted:_____

**Anticipated Source of Income: Emp:** _____ **Disability:** ✓ **Pension:** _____

**Comments:**_____

Client Signature: _Bob A_    Date: _7-3-08_

Case Manager Signature: _Mark Brandon_    Date: _7/3/08_

*I was never awarded my transcripts !*

Cause No. F03-25713-U & F03-25714-U

| The State of Texas | § | In The District Court |
| vs. | § | 291st Judicial District |
| Bobby Drew Autry | § | Dallas County, Texas |

### Motion For Free Statement of Facts And Reporters Record

Now comes, Bobby Drew Autry, defendant, pro se, and respecfully moves this Court to order the preperation of a free reporters record on Appeal pursuant to Rule 20.2 of T.R.A.P. and for good cause shows the following:

I

Defendant was convicted of Aggravated Sexual Assault of a child in this Court on Feb. 11, 2011.

II

Defendant gave written notice of Appeal from this judgement and conviction on Feb. 11, 2011.

III

Under Rule 20 of T.R.A.P., "The Court must order the reporter to transcribe the proceedings" if the Appeallent cannot pay or give security for the Appeallate record. Indigency "Is a matter of defendants financial status at the time of Appeal, not at the time of trial". See Zanghetti v. State 582 S.W. 2d 461 (Tex Crim. App. 1979). See also Gray v. State 928 S.W. 2d 561.

An indigent defendant is entitled upon request to a full statement of facts, and the clerks records including Voire Dire. Refusal to supply the full Statement of Facts, and Clerks Record on above said Cause No.s is reversible error without regarding to harm analysis. See, Bennett v. Deasons 932 S.W. 2d 81.

The indigent defendant is entiltled to a free Statement of Facts and Clerks Records of a prior proceeding when needed for defense. See, Escobar v. State 880 S.W. 2d 782.

1

## IV

Defendant is unable to pay for, or give security for the reporters record in this cause and request the Court to hold an evidentiary hearing at which time proof of inability to pay or give security for this reporters record can be offered.

## V

Defendant request the Court order the Court Reporter, or Reporters, who made the record in this cause to prepare a reporters record, and that the testimony included in the reporters record be in question and answer form.

Defendant designates the following matters to be included in the record, Pursuant to Rule 34.5(a)(12); 34.5(b).

1) All testimony of witnesses inside or outside the presance of the jury or defendant, including questions and objections by counsel. Being a probation case also all testimony given during plea agreement on April 14, 2004.

2) Voir Dire and jury venire, arguements, opening statements and all rulings of the Court and objections by counsel. Including pretrial, trial and post trial hearings, charge conferances, bench conferances, and any matters discused between The Honorable Rick Magnis and others involved in this cause, during which time defendants case was in the 283rd District Court.

3) All bills of exception and testimony thereof, and rulings of the Court.

4) Testimony taken during sentancing proceedings, including arguements or objections of counsel, and rulings of the Court. And all testimony given during hearings in the 283rd District Court due to this case being heard there between Jan. 2008 and on or around July 2010, at which time The Honorable Rick Magnis

2

NO. F03-25713-U & F03-25714-U

| | | |
|---|---|---|
| BOBBY DREW AUTRY | § | IN THE DISTRICT COURT |
| V. | § | 291st JUDICIAL DISTRICT |
| THE STATE OF TEXAS | § | DALLAS COUNTY, TEXAS |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## AFFIDAVIT OF INDEGENCY

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

TO THE HONORABLE JUDGE OF SAID COURT:

I Bobby Drew Autry, T.D.C.J.# 1701196, being presently incarcerated in the McConnell Unit in Beeville, Texas, declare under penalty of perjury that the following facts are true and correct.

### I.

Affiant has no stable income, the only money that might be received is from a family member for hygien maintenance purposes. I am unable to pay any fees or costs in this action. I do not receive any governmental entitlement income nor am I allowed to earn wages or handle money. I have no real property or interest earning accounts.

### PRAYER

wherefore premises considered, Affiant prays this Court recognize indigent status and allow this action to proceed.

Respectfully Submitted,
On this the 15th day of April ,2014

Bobby Drew Autry # 1701196
3001 S. Emily Dr.
Beeville, TX 78102

recused himself from the case.

5) Testimony taken during motion for new trial.

6) All exhibits offered or introduced into evidence and any and all hand written notes by The Honorable Vickers Cunningham, The Honorable Rick Magnis, and The Honorable Susan Hawk. Also any and all exculpatory evidence, not limited to hand written notes.

7) All orders issued by the Court and not otherwise required to be included under Rule 34.5(a) T.R.A.P..

8) Those items identified under Rule 34.5(a)(1) through (11) Texas Rules of Appeallate procedure. And all other matters required by the Texas Code of Criminal Procedure, or any other law.

9) All Probation Records shown or reviewed in Court under revocation proceedings, hearings, bench consults under Cause No.s F03-25713-U and F03-25714-U. Any and all Probation Records used or reviewed by attorneys or others to prepare for Court hearings.

## PRAYER

Wherefore, defendant prays that his motion for free reporters record and matters of inclusion be granted and all records forwarded to him along with all the Court Clerks record under same Cause No.s so that defendant may prepare and file his 11.07 writ of Habeas Corpus Application.

Respectfully Submitted

Bobby Drew Autry
Pro Se
Signed: 4/16/14

3

NO. F03-25713-U & F03-25714-U

BOBBY DREW AUTRY                    §
    MOVANT, PRO SE                 §          IN THE DISTRICT COURT
                                   §          291st JUDICIAL DISTRICT
V.                                 §
                                   §          DALLAS COUNTY, TEXAS
THE STATE OF TEXAS                 §

ORDER on MOTION REQUESTING STATEMENT OF FACTS

AND CLERK'S RECORD

THE FOREGOING MOTION HAVING BEEN PRESENTED, the Court is of the opinion

that it should in all respects be;


(GRANTED) And further ordered that the requested documents be immediately

forwarded to ;                     Bobby Drew Autry #1701196
                                   3001 S. Emily Dr.
                                   Beeville, TX 78102


(DENIED) With written notice to  Bobby Drew Autry, at above address



                                                     Presiding Judge

                   On the ____ day of _____,2014

This motion was denied.

## INMATES DECLARATION

I <u>Bobby Drew Autry</u>, T.D.C.J. #<u>1701196</u>, being presently incarcerated in the Texas Department of Criminal Justice, McConnell Unit, declares under penalty of perjury that according to my belief, the facts stated in this affidavit are true and correct.

On this the 16Th day of April ,2014

Bobby Drew Autry #1701196